UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA B.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 20-cv-1931-DEB<br><br>**ORDER: (1) ON CROSS MOTIONS FOR SUMMARY JUDGMENT; (2) REVERSING DENIAL OF BENEFITS; AND (3) REMANDING FOR FURTHER PROCEEDINGS**<br><br>**[DKT. NOS. 13, 16]** |

## I.   INTRODUCTION

Plaintiff Barbara B. seeks review of the Commissioner of Social Security's denial of disability benefits and supplemental social security income. Dkt. No. 1. The parties filed Cross-Motions for Summary Judgment and Plaintiff filed a Reply. Dkt. Nos. 13, 16, 17. For the reasons discussed below, the denial of benefits is reversed, and the case is remanded for further proceedings.

## II.   PROCEDURAL BACKGROUND

On December 4, 2017, Plaintiff applied for disability insurance benefits and supplemental social security income, claiming disability beginning January 1, 2016,

subsequently amended to June 30, 2017. AR 193–96, 197–203.[1] The Social Security Administration denied Plaintiff's claim and denied reconsideration. AR 121–24, 127–32. Plaintiff requested a hearing, which an Administrative Law Judge ("ALJ") held. AR 31, 133. Following the hearing, the ALJ issued a decision finding Plaintiff not disabled. AR 13–29. The Appeals Counsel denied Plaintiff's request for review. AR 1–6. Plaintiff then filed this case. Dkt. No. 1.

### III. SUMMARY OF ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2017. AR 18.

At step two, the ALJ found the following severe medically determinable impairments: lumbar degenerative disease, scoliosis, cervical degenerative changes with mild stenosis, borderline obesity, right shoulder degenerative changes and post-traumatic osteoarthritis of bilateral ankles and feet. AR 18–19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 19.

Before proceeding to step four, the ALJ determined Plaintiff had the physical residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can lift and carry ten pounds occasionally and less than ten pounds frequently; standing and/or walking for up to two hours in an eight-hour workday; sitting for at least six hours in an eight-hour workday; afforded the option to use a cane

---

[1] "AR" refers to the Administrative Record lodged on June 15, 2021. Dkt. No. 11. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by the CM/ECF.

> or walker to get to and from the workstation as necessary; occasional climbing stairs and ramps; should never climb ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; frequent overhead reaching with the right arm; and should avoid concentrated exposure to extreme cold, vibration, unprotected heights, and moving and dangerous machinery.

AR 20.

At step four, the ALJ found Plaintiff could perform her past relevant work. AR 23. Based on that finding, the ALJ concluded Plaintiff was not disabled and did not proceed to step five. AR 24.

## IV.   STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotation omitted). It is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## V.   DISCUSSION

### A. Constitutionality

As a threshold matter, the Court addresses Plaintiff's "Unconstitutional Delegation of Authority" argument. Dkt. No. 13-1 at 11. Plaintiff contends former Social Security Administration ("SSA") Commissioner Andrew Saul was dischargeable only for cause;

thus, his appointment was unconstitutional and the "appointment of the ALJ tainted administrative proceedings." Dkt. No. 13-1 at 11.

The SSA Commissioner may only be removed from office "pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3) ("removal provision"). The Ninth Circuit recently held the removal provision violates separation of powers but also held it is severable from the remainder of the statute and, "unless a [plaintiff] demonstrates actual harm, the unconstitutional provision has no effect on the [plaintiff's] case." *Kaufman v. Kijakazi*, No. 21-35344, 2022 WL 1233238 at *6 (9th Cir. April 27, 2022). Plaintiff has not presented any evidence or plausible theory that the removal provision caused her harm, and the record does not suggest any. The Court, therefore, concludes the constitutional deficiency in the removal provision does not affect the validity of the ALJ's decision here.

**B. Merits**

Plaintiff contends the ALJ committed two errors: (1) "fail[ing] to articulate legally sufficient reasons for rejecting [her] testimony"; and (2) "assessing [the RFC] by describing the least that [she] could do and giving the vocational expert the option to assume the unprescribed cane opposed to the prescribed walker." Dkt. No. 13-1 at 8, 10. The Court addresses each of these claimed errors in turn.

1.   Plaintiff's Testimony

Plaintiff argues the ALJ "failed to state clear and convincing reasons for rejecting the testimony specifically about prolonged sitting." *Id.* at 8. The Court agrees the ALJ's opinion does not meet the applicable legal standards.

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's

testimony about the severity of her symptoms if she gives specific, clear and convincing reasons for the rejection." *Id.* (internal quotation omitted); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").

Prior to the insertion of her pain pump, in her Request for Reconsideration, Plaintiff claimed she was unable to work because she could not "walk for much distance," and had "chronic pain, severe degenerative disc disease, gastroesophageal reflux disease, ulcer, hernia, bilateral ankle pain, and C-spine – degenerative disc disease – pain." AR 126. Additionally, Plaintiff made the following complaints in her January 6, 2018 Exertional Activities Questionnaire, April 20, 2018 Statement, and April 23, 2018 "Disability Report – Appeal":

- "I am finding it more difficult to go about activities of daily living."

- "[M]y back pain is debilitating. There is little I can do without break periods. My ankles and neck hurt . . . ."

- "I can't stand long to cook. . . . Shopping is hard. . . . Sleeping is tough!"

- "My back pain has become intolerable, my foot pain second to back, and my stomach issues outweigh everything when I'm vomiting."

AR 306, 311, 345.

At the June 6, 2019 ALJ hearing (which followed the insertion of a pain pump), Plaintiff testified as follows:

- "I've had continuous back problems and neck problems. I have severe arthritis throughout, degenerative disc disease in both my back and neck."

- "The pain was so bad that I actually would cry sometimes . . . ."

- "[Without the pain pump] I wouldn't even be able to sit here talking . . . ."

- "I can't walk very far because my feet will kill me. . . . [A]fter a while, I cannot go."

- "[Even with the pain pump] I still can't walk. It doesn't make my muscles any better, it just relieves the pain, thank goodness. I can't walk very far, I can't sit very long."

- The pain pump does not "relieve the pain completely."

- "The pain is chronic, . . . [and gets worse] as the day wears on."

- When sitting I have pain in my back.

- "[I can sit] probably no longer than a half an hour, tops [before that pain requires me to stand]."

- I am not with a walker the day of the hearing because of "[m]y rotator cuff tear. . . . And it's just been jolting my shoulder so much . . . ."

- I can go to the grocery store to shop, but it is "very limited," and I am unable to walk around without the walker; "I have to have a cart."

- "In all directions [my head movement is] limited."

- "I stiffen quickly in any position I'm in. I seem to just get very achy and it just hurts. My joints hurt."

- "[The most amount of weight I can lift with] my left arm . . . [is a gallon]. With my right, probably half of that."

- I can stand on my feet for "a matter of minutes."

AR 37–46.

The ALJ found Plaintiff suffered from medically determinable impairments that "could reasonably be expected to cause some of the alleged symptoms." AR 22; *accord Vasquez*, 572 F.3d at 591 (finding ALJ "satisfied the first prong of the ALJ's inquiry regarding the credibility of [plaintiff's] complaints" where the "ALJ acknowledged that [plaintiff's] injuries could reasonably be expected to produce *some* of the pain and other symptoms alleged") (internal quotation marks omitted).

The ALJ found Plaintiff's statements not fully credible; however, because her "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 22. The ALJ reasoned Plaintiff's "symptoms improved and stabilized with treatment. In addition, her reported daily activities suggest a higher level of functioning than alleged. She could drive and shop for groceries. While she has been prescribed a walker, she did not require it to attend the hearing. [Plaintiff] is not disabled." AR 23.

The ALJ's opinion, however, does not provide "specific, clear and convincing reasons for the rejection" of Plaintiff's testimony. *Vasquez*, 572 F.3d 32 at 591. Instead, the ALJ's ruling is analogous to what the Ninth Circuit found insufficient in *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015): the ALJ "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination." This is "legal error" because the decision does "not link [the specific testimony the ALJ found not credible] to the particular parts of the record supporting [the ALJ's] non-credibility determination." *Id.*; *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony.").

Although Defendant contends "substantial evidence underli[es] the ALJ's [credibility] decision" (Dkt. No. 16 at 13), the ALJ did not link that evidence to Plaintiff's testimony. The ALJ's analysis, therefore, does not comport with the legal requirements. *See Brown-Hunter*, 806 F.3d at 494 ("[The ALJ] did not link that testimony to the particular parts of the record supporting her non-credibility determination. . . . [T]he error could not

be corrected by the district court's statement of links between claimant testimony and certain medical evidence.") (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (ALJ's citation to daily activities failed to meet the required specificity standard because "the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony.").

### 2. Plaintiff's RFC

In the RFC, the ALJ determined Plaintiff could perform sedentary work including "standing and/or walking for up to two hours in an eight-hour workday; [and] sitting for at least six hours in an eight-hour workday [with] the option to use a cane or walker to get to and from the workstation as necessary." AR 20.

Plaintiff contends: (1) the ALJ erred by "describing the least that [Plaintiff] could do"; and (2) the ALJ improperly gave "the vocational expert the option to assume the unprescribed cane as opposed to the prescribed walker." Dkt. No. 13-1 at 10. Defendant responds the term "at least" is commonly used and did not impact the RFC. Dkt. No. 16 at 14–15. Defendant does not address Plaintiff's second argument.

#### a. The "Least" Plaintiff Could Do

Plaintiff does not dispute the record supports her ability to sit "for at least six hours." Instead, Plaintiff takes issue with the ALJ's inclusion of "at least" in the RFC. She argues that because an RFC "is the most [she] can still do despite her limitations," 20 C.F.R. § 404.1545(a), the term "at least" is not properly included in an RFC. Dkt. No. 13-1 at 14–15. Plaintiff does not cite any authority for her argument, and the Court notes this phrasing is common. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691–94 (9th Cir. 2009) (concluding the ALJ did not err "in fashioning the RFC," which included the term "at least"); *C.L. v. Kijakazi*, No. 20-cv-0379-PVC, 2021 U.S. Dist. LEXIS 140319, at *6 (C.D. Cal. July 26, 2021) (rejecting plaintiff's arguments that ALJ erred by using "at least" in the RFC); *Oliver v. Comm'r of Soc. Sec.*, No. 18-cv-1613-JLT, 2020 WL 977892, at *6 (E.D. Cal. Feb. 28, 2020) (upholding an ALJ decision with an RFC that included the term "at least"); *Valencia v. Colvin*, No. 14-cv-0174-JCC, 2014 WL 4269506, at *2 (W.D.

Wash. Aug. 29, 2014); (same), *aff'd*, 515 F. App'x 665 (9th Cir. 2013); *Gill v. Astrue*, No. 10-cv-2309-DMS-NLS, 2011 WL 6826728, at *1 (S.D. Cal. Dec. 28, 2011) (same).

The ALJ's reference to the minimum amount of time Plaintiff could sit (i.e., "at least six hours") and stand and/or walk (i.e., "up to two hours") is relevant to whether she can perform sedentary work. 20 C.F.R. § 404.1567(a) ("[j]obs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."); SSR 96-9p, 1996 WL 374185, at *3 (defining "occasionally" as "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday."); *see also* SSR 83-10, 1983 SSR LEXIS 30 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."). The ALJ's RFC finding is, therefore, consistent with the Commission's regulations regarding sedentary work.

### b. Cane or Walker

Plaintiff also argues the ALJ erred by including the use of a cane in the RFC. She contends the ALJ "ambiguously assess[ed] [Plaintiff's] residual functional capacity by . . . giving the vocational expert the option to assume the unprescribed cane as opposed to the prescribed walker." Dkt. No. 13-1 at 10.

The medical evidence in the record supports Plaintiff's use of a walker. AR 757 (Neurosurgeon Prescription).[2] Conversely, there is no evidence Plaintiff ambulates with a cane.

The ALJ's RFC and the hypothetical posed to the VE states Plaintiff is "afforded the option to use a cane or walker to get to and from the workstation as necessary." AR 20, 56. This inclusion of a cane in the RFC and resulting hypothetical posed to the VE created the

---

[2] Although the ALJ discredited Plaintiff's testimony, in part, for not using a walker during the hearing, he includes the walker in the RFC.

possibility the VE's opinion assumed Plaintiff could ambulate with a cane, which the record does not support. This possibility requires reversal. *See* SSR 96-9P, 1996 WL 374185, at *7 (The ability to "perform the minimal lifting and carrying requirements of many sedentary" occupations requires the use of a hand.); *see also Dillon v. Berryhill*, No. 17-cv-00597-LRH-WGC, 2018 WL 3521403, at *7 (D. Nev. June 18, 2018) (finding error where ALJ found the plaintiff "would need the use of a cane *or* a walker" in the RFC because "[t]he ALJ did not specifically address the fact that while Plaintiff used a cane for mobility in the past . . . he was [now] only using a walker" and "there was no discussion with the VE or in the decision itself regarding whether Plaintiff required the use of a walker exclusively, and if so, whether he could still perform the jobs identified by the VE"), *report and recommendation adopted*, 2018 WL 3518456 (July 19, 2018).

## VI.   REMAND

"The decision of whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Because there are arguably inconsistencies between the medical evidence and Plaintiff's testimony as well as ambiguity as to Plaintiff's ability to perform sedentary work, it is not clear the ALJ was required to find Plaintiff disabled. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003) (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved, it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits." Further administrative proceedings are, therefore, appropriate.

//
//
//
//
//
//
//

## VII. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Summary Judgment (Dkt. No. 13), DENIES Defendant's Motion for Summary Judgment (Dkt. No. 16) and remands the matter to the agency for further administrative proceedings. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:  June 22, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge